UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KNEKO MOORE,<br><br>                    Petitioner,<br>     v.<br><br>ANDREW COOPER,<br><br>                    Respondent. | Case No. 2:25-cv-00477-TMC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>September 17, 2025</u> |

Petitioner Kneko Moore is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts the Bureau of Prisons ("BOP") has not provided him with frequent reassessments of his risk of recidivism and is improperly refusing to apply First Step Act earned time credits (FSA credits) to his sentence. After consideration of the relevant record, the Court recommends the Petition (Dkt. 1) be DISMISSED with prejudice.

    I.    BACKGROUND

Petitioner is serving a 77-month term of imprisonment with three years of supervision, for a conviction from the District of Oregon for unlawfully possessing a firearm. That sentence was imposed consecutive to a 6-month term of imprisonment for violating a condition of supervised release on another conviction. Dkt. 10, Declaration of George Cho; Dkt. 10-1, Ex. 1, Sentence Data, at 3-7; *United States v. Moore*, 3:20-cr-00474- IM, Dkt. 109 (D. Or. Feb. 9, 2023); *United States v. Moore*, 3:16-CR-00068-IM.

REPORT AND RECOMMENDATION - 1

Petitioner is currently serving his sentence at FDC SeaTac, with a projected release date of July 6, 2026.[1]

On March 14, 2025, Petitioner filed this habeas corpus petition, alleging he is entitled to FSA credits after participating in recidivism programs. As Respondent points out, it appears the Petition has been copied from a petition filed by another individual. Dkt. 1.

In response to the Petition, Respondent argues Petitioner is not entitled to federal habeas relief because: (1) Petitioner failed to exhaust his administrative remedies prior to filing the Petition and (2) the Court lacks jurisdiction over Petitioner's claim that BOP incorrectly assessed his risk of recidivism or improperly denied his request for transfer to prerelease custody. Dkt. 9.

II.    DISCUSSION

**A. Exhaustion**

Even though Section 2241 does not contain an explicit exhaustion requirement, generally, federal prisoners must exhaust all available administrative remedies before seeking habeas corpus relief in federal court. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Courts have applied this administrative exhaustion requirement to § 2241 in order: (1) to develop a factual record that is capable of being reviewed; (2) to conserve judicial resources if relief is granted at the administrative level;

---

[1] The Court takes judicial notice of Petitioner's release date of July 6, 2026, noted on the Bureau of Prisons' ("BOP") website. *See* https://www.bop.gov/inmateloc (last visited Aug. 11, 2025).

REPORT AND RECOMMENDATION - 2

and (3) to provide the administrative agency with the first opportunity to correct its errors. *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

In § 2241 cases, exhaustion is a prudential rather than jurisdictional requirement, and it is therefore subject to waiver. *Ward*, 678 F.3d at 1045. Courts may waive the exhaustion requirement when pursuit of administrative remedies would be futile. *Ward*, 678 F.3d at 1045.

The BOP has established an administrative remedy program; prisoners can "seek formal review of an issue relating to any aspect of [their] own confinement[,]" including the BOP's computation of time credits against their sentences. 28 C.F.R. § 542.10(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). Except in certain limited situations, a prisoner "shall first present an issue of concern informally" to prison staff. 28 C.F.R. § 542.13(a). If dissatisfied with prison staff's informal response, the prisoner must then formally complain to the prison's warden. *See id.* § 542.14(a)–(c). If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director of the region in which he is confined. *Id.* § 542.15(a). And if the prisoner is dissatisfied with the Regional Director's response, they may appeal to the BOP's General Counsel. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Here, Respondent has submitted evidence demonstrating that, despite the availability of relief through these channels, Petitioner did not pursue the BOP's administrative remedies asking for a reassessment of his risks or requesting that his FSA credits be applied to his sentence. Dkt. 10, Declaration of George Cho, at ¶6; Dkt. 10 at Exhibit 4.

REPORT AND RECOMMENDATION - 3

Even though Petitioner did not exhaust his administrative remedies, it appears that requiring Petition to exhaust his remedies would be an exercise in futility because Respondent avers Petitioner has received reassessments of his risk of recidivism twice a year, including a reassessment at the end of January 2025. Dkt. 10 at Exhibit 3. He was assessed to be at "medium" risk of recidivism. *Id.* This was Petitioner's fifth assessment. *Id.* at ¶4.

Because it appears exhaustion would have been futile, the Court addresses the second argument raised by Respondent.

**B. Jurisdiction to Review FSA Determinations made by BOP**

Respondent further contends the Court lacks jurisdiction over Petitioner's claim that the BOP has incorrectly assessed his risk of recidivism or improperly denied his request for transfer to prerelease custody. Dkt. 1.

Petitioner's claim challenges BOP's calculation of his FSA credits. The FSA directs the BOP to determine and provide "the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming accordingly." 18 U.S.C. § 3632(a)(3). As part of the intake process, each prisoner is classified as having a minimum, low, medium, or high risk of recidivism, otherwise known as their "PATTERN score". 18 U.S.C. § 3632(a)(1). Prisoners are provided opportunities to reduce their PATTERN score during periodic reassessments.

Under the FSA, federal prisoners may be eligible to earn time credits for successfully completing evidence-based recidivism reduction programs or productive

REPORT AND RECOMMENDATION - 4

activities. 18 U.S.C. § 3632(a). These time credits may be applied towards time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C).

Not all federal prisoners are eligible to earn and apply time credits under the FSA. Relevant to this case, Petitioner is eligible for prerelease custody or supervised release only if he "has shown through the periodic risk assessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Petitioner was last administered a risk assessment on January 26, 2025; BOP determined Petitioner was at "medium risk" of recidivism. Dkt. 10 at ¶ 4.

A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii). Time credits earned under 18 U.S.C. § 3632(d)(4) "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). To be eligible to apply FSA credits to prerelease custody or supervised release, the prisoner must, among other things, have shown "through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B).

Petitioner contends that he has engaged in activities that place him into the low-risk category and that he is entitled to have FSA credits applied to early release. He does not claim Respondent has violated the United States Constitution or has exceeded

REPORT AND RECOMMENDATION - 5

his statutory authority in finding he is not entitled to application of FSA credits -- he simply disagrees with BOP's calculation of his FSA credits.

Under 18 U.S.C. § 3625, "any determination, decision, or order under [28 U.S.C. §§ 3621–3626]" is excluded from judicial review under the federal Administrative Procedure Act ("APA"). *See, Reeb v. Thomas*, 636 F.3d 1224, 1227–28 (9th Cir. 2011) (interpreting 18 U.S.C. § 3625 to preclude judicial review of "the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621"). Thus, district courts lack jurisdiction to review certain discretionary decisions made by the BOP, such as "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program," under the APA framework. *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016).

BOP decisions as to a prisoner's recidivism risk and transfers to prerelease custody or early supervised release pursuant to the application of FSA time credits fall within this jurisdictional bar. *See* 18 U.S.C. § 3621(h) (governing initial implementation of risk and needs assessment system), 3624(g) (governing transfer to prerelease custody or early supervised release pursuant to application of FSA time credits).

While a district court may properly consider whether the BOP, in reaching such decisions, acted contrary to established federal law, violated the Constitution, or exceeded the BOP's statutory authority, Petitioner does not make this argument. As discussed above, the Court lacks jurisdiction to review BOP's individualized determination of Petitioner's recidivism risk category and how that determination statutorily would preclude application of FSA credits toward early release.

REPORT AND RECOMMENDATION - 6

III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS Petitioner's § 2241 writ for petition for habeas corpus be DENIED because the Court lacks jurisdiction, and the case should be DISMISSED with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 17, 2025, as noted in the caption.

Dated this 2nd day of September, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge